FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JUN 17 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
REGINALD SONDS,

                Petitioner,

  v.

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------X

10 CV 6072 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES

Reginald Sonds, # 47917-053, *Pro Se*
FCI Victorville Medium I
Federal Correctional Institution
P.O. Box 3725
Adelanto, CA 92301

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Karen R. Hennigan
*Attorney for the Respondent*

**JOHNSON, Senior District Judge:**

      Petitioner Reginald Sonds ("Petitioner" or "Sonds") comes before this Court with a Motion for the Return of Property, See Pet. Mot. for Return of Prop., Dkt. No. 1, seeking the return of a vehicle, a gold Mercedes-Benz, that was subject to forfeiture in his 1996 underlying criminal case. The Government responded by letter

1

motion to dismiss and included a summary allegation that this Court lacks subject matter jurisdiction over this matter. For the reasons stated herein, this Court agrees that it lacks subject matter jurisdiction in this matter and dismisses this case. See Gov't Mot. To Dismiss, Dkt. No. 11. Even if this Court did have jurisdiction, however, Petitioner's motion lacks merit as he seeks a remedy for a forfeiture that took place over ten years ago and in conjunction with Petitioner's conviction at trial and his co-defendant's guilty plea.

On January 23, 1998, following a jury trial, petitioner was convicted on a 1996 indictment of drug conspiracy charges pursuant to 21 U.S.C. § 846 in proceedings before the Hon. Reena Raggi. See United States v. Cesar Torres et al, 96-CR-1098. His co-defendant, Cesar Torres, pled guilty on the same indictment and included the forfeiture of the subject vehicle in the terms of his plea bargain. See Gov't Mot. To Dismiss, Dkt. No. 11. In its letter brief, the Government submitted the Order of Forfeiture and Judgment, dated January 23, 1998. See Gov't Mot. To Dismiss, Dkt. No. 11, at Exh. 2. On July 2, 1998, Mr. Sonds was sentenced to ten years in prison, five years of supervised release, and a special assessment. See 96-CR-1096, Dkt. No. 250. Mr. Sonds' conviction was affirmed by the Court of Appeals for the Second Circuit on February 4, 2000. See 96-CR-1096, Dkt. No. 287. On January 6, 2009, Mr. Sonds' case was reassigned to this Court.

P-049

## Equitable Jurisdiction, Sovereign Immunity, and Rule 41(g)

The district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. See Rufu v. United States, 20 F.3d 63, 65 (2d Cir.1994); Soviero v. United States, 967 F.2d 791, 792 (2d Cir.1992). Given that there are no criminal proceedings currently pending against Petitioner, Petitioner's Motions are construed as a civil action in equity. See Mora v. United States, 955 F.2d 156, 158 (2d Cir.1992) (noting "where no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is 'treated as [a] civil equitable proceeding [ ] even if styled as being pursuant to Fed.R.Crim.P. 41(e) [now Rule 41(g)]'") (internal citations omitted). Where the property remains in the government's possession, the district court may order its return if appropriate.

Here, Petitioner raises his claim over ten years after the convictions in this case. The Government credibly alleges that the seized property was dispersed after being administratively forfeited in 1998, and thus it is no longer in the government's possession. See Gov't Mot. To Dismiss, Dkt. No. 11, at 4. In addition, "[e]quitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity." Adeleke v. United States of America, 355 F.3d 144, 151 (2d Cir. 2004). In Adekele, the Second Circuit concluded that "Rule 41(g), which simply provides for the return of seized property,

3

does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Id. Therefore, because sovereign immunity bars district courts from awarding money damages for property that cannot be returned under Rule 41(g), in the absence of the Government's consent to be sued, district courts lack subject matter jurisdiction over such equitable claims for money damages. See e.g. Elfand v. United States, No. 03-CV-3769, 2004 WL 3152381, at *2-3 (E.D.N.Y.2004). See also, Mendez v. United States, No. 05–CV–1486(SJ), 2005 WL 2175903, at *2 (E.D.N.Y. Sept.8, 2005); Bokel v. United States, No. 06–CV–2849(SLT) (LB), 2008 WL 899404, at *2, *8 (E.D.N.Y. Apr. 3, 2008); Hung v. United States, No. 02–CV–6795(SJ), 2007 WL 1987749, at *2 (E.D.N.Y. July 3, 2007). As a result, Petitioner fails to meet his burden to prove subject matter jurisdiction by a preponderance of the evidence. Where property is unavailable for return, and the United States has not waived its sovereign immunity and consented to be sued for money damages, the claim for return of property must be dismissed.

The Court will note that Petitioner raises this claim over ten years after his sentencing in this case and over ten years after the forfeiture of the instant vehicle. He failed to raise the issue of forfeiture on appeal and the Second Circuit affirmed his conviction and his co-defendant Torres' conviction, both of which relied on factual allegations that the vehicle was used in the commission of the charged and convicted crimes. See Gov't Mot. To Dismiss, Dkt. No. 11, at 3. Courts in other circuits have held that the doctrine of laches bars such claims. See e.g. United States

4

v. Hayden, 2009 WL 3872146, at 3 (E.D. Michigan 2009) and United States v. $12,410 in U.S. Currency, 2009 WL 2245643, at 4 (N.D. Ohio 2009) (absent justification, laches bars a claimant from revisiting a forfeiture four years after case closed.). Even if this Court does have jurisdiction to decide Petitioner's claims, it would deny petitioner's motion as untimely and without merit, given the jury verdict affirming the Government's evidence that this vehicle was used to facilitate the drug conspiracy with which Petitioner was charged and convicted.

Mr. Sonds is hereby cautioned that a pattern of filing of frivolous motions will be met with an order to show cause why he should not be sanctioned. He is further advised that sanctions could include monetary sanctions, but in any event, if imposed, will certainly include a sanction preventing him from submitting any filings without the Court's permission. The Court need not tolerate judicial waste in this time of economic despair, nor abuse of the in forma pauperis status. See, e.g., Vey v. Clinton, 520 U.S. 937 (1997) (denying recalcitrant pro se litigant's motion to proceed in forma pauperis and instructing the Clerk of the Court not to accept any further petitions without leave of the Court); Martin v. Dist. of Columbia Court of Appeals, 506 U.S. 1, 3 (1992) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."); Viola v. United States,

5

P-049

481 F.3d 30, 31 (2d Cir. 2012) (affirming imposition of leave-to-file sanctions after petitioner failed to demonstrate that his filings were not frivolous).

Conclusion

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED and Petitioner's Motion is DENIED.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: June 16, 2014  /s/ USDJ JOHNSON
     Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.

P-049